IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA L PETTERUTI, | Nos  C-99-0542 VRW |
|        Plaintiff, | C-00-3230 VRW |
|  | C-04-1986 VRW |
|        v | C-04-3063 VRW |
|  | C-05-1140 VRW |
| DAVID GRANT MEDICAL CENTER et al, | C-05-1650 VRW |
|        Defendants. | ORDER |
| _____/ | |

       Plaintiff Christina Petteruti ("Petteruti") has filed a total of six complaints (four of which have been dismissed) asserting claims arising out of identical factual circumstances. In dismissing Petteruti's third and fourth cases by order filed March 28, 2005, the court admonished her that "further litigation of this issue * * * may result in the court initiating proceedings to declare [Petteruti] a vexatious litigant."  No 04-3063, Doc #19 at 7:10-14.  Petteruti filed two further cases, Nos 05-1140 and 05-1650, in state court and in this court, respectively.  Defendants removed the former.  These cases also appeared to arise out of identical factual circumstances.  Accordingly, the court ordered

Petteruti to show cause why the court should not declare her a vexatious litigant and impose a prefiling order. No 05-1140, Doc #6 (citing De Long v Hennessey, 912 F2d 1144, 1148 (9th Cir 1990)). The United States was invited to submit a brief amicus curiae. The court has received the parties' submissions and for the reasons that follow permanently enjoins Petteruti from filing similar cases and dismisses Nos 05-1140 and 05-1650 as barred by res judicata.

I

The court will first recount the specifics of the six cases that Petteruti has filed.

No 99-0542 concerned Petteruti's allegation that she was infected by hepatitis B when she was vaccinated in June 1994 at David Grant Medical Center (DGMC), a government-operated medical facility at Travis Air Force Base. The court granted defendant's motion to dismiss without prejudice on the ground that Petteruti failed to exhaust her administrative remedies under the Federal Tort Claims Act (FTCA). No 99-0542, Doc #8.

No 00-3230 concerned the same vaccination (actually a series of three shots). In that suit, Petteruti contended that she began to feel sick after the first shot, in June 1994. She had tested positive for hepatitis B in August 1991, negative at the time of the June 1994 vaccination shot and positive in late 1995, following the last of the three-shot regimen. No 02-3230, Doc #48 at 2-4. At summary judgment, defendants' expert opined that Petteruti had likely contracted a mild case of hepatitis B perinatally in her native Korea (or in southeast Asia; the court's opinion is somewhat unclear), a common occurrence. Id at 14-15.

In defendant's expert's opinion, antibodies from this early case likely caused the positive test in 1991; the 1994 test could have been negative because antibody levels had dropped below the test's threshold for a positive result; and the vaccination triggered an immune response that boosted antibody levels and led to the 1995 positive result. Id. Petteruti offered no expert testimony to refute this. The court ultimately granted summary judgment on the ground that Petteruti had failed to establish that defendant's conduct was the proximate cause of her injury (because the 1991 test accurately indicated that she had been infected with hepatitis B long before she was vaccinated at DGMC), and, alternatively, on the ground that her claim was barred by the FTCA's statute of limitations. Id at 16.

The complaints in Nos 04-1986 and 04-3063 are virtually identical (the former was filed in this court; the latter was filed in state court and removed to this court). They presented a new permutation of claims based on the same underlying events. The complaints border on the incomprehensible, but the court construed the core allegation to be that, notwithstanding the 1991 test result as reported in the court's order granting summary judgment in No 00-3230, Petteruti was not in fact infected with hepatitis B in 1991. From this factual premise, Petteruti appeared to argue (1) that without the 1991 test result, there was no evidence that she had hepatitis B before her 1994 vaccination, and accordingly the court's conclusion on summary judgment in No 00-3230 was unsupportable because there was a live dispute of fact whether she was infected by hepatitis B as a result of the vaccination; and (2) that the government misrepresented the results of her 1991 test,

3

falsely representing to her and others that she did have hepatitis B, when in fact she did not. The court concluded that Petteruti's claims were either barred by res judicata or fell outside the government's waiver of sovereign immunity in the Federal Tort Claims Act. No 04-1986, Doc #17; No 04-3063, Doc #19.

Although the complaints in Nos 05-1140 and 05-1650 are not identical, they are substantially similar, and, like the complaints in Nos 04-1986 and 04-3063, are almost unintelligible. The allegations seem to include the malpractice allegations of Nos 99-0542 and 04-1986 along with the misrepresentation allegations of Nos 04-1986 and 04-3063, as well as vague references to "harrassment."

II

To frame the full context for this order, the court must address Petteruti's fifth and sixth suits, Nos 05-1140 and 05-1650. Aside from the vague references to "harassment," which plainly fail to state a claim upon which relief can be granted, the allegations of the fifth and sixth suits are wholly overlapping with the first four suits. The doctrine of res judicata thus applies to bar the fifth and sixth suits. Accordingly, Nos 05-1140 and 05-1650 are DISMISSED, albeit without prejudice should plaintiff wish to elaborate on her claim for "harassment".

III

A district court has power under the All Writs Act, 28 USC § 1651(a), to enjoin litigants who abuse the judicial system. Tripati v Beaman, 878 F2d 351, 352 (9th Cir 1989); Walker v

Stanley, 231 BR 343, 350 (N D Cal 1999) (Ware, J); Waldron v Washington Mutual, 1999 US Dist LEXIS 11941, *11 (N D Cal) (Jenkins, J); see DeLong, 912 F2d at 1147 (recognizing that "there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances"). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved." Tripati, 878 F2d at 352 (internal quotation and citation omitted).

The Ninth Circuit has established four guidelines that a court must follow in enjoining a vexatious litigant: (1) the litigant must be provided with notice and a chance to be heard before the court enters the order; (2) the court should establish an adequate record for review, that is, a listing of the cases and/or abusive activities undertaken by the litigant; (3) the court must make a substantive finding that the litigant's activities were frivolous and harassing; and (4) the court must narrowly tailor the order to deter the specific vice encountered. DeLong, 912 F2d at 1147-48.

A

In the case at bar, the first DeLong requirement is readily satisfied. Petteruti was on notice in the order dismissing her third and fourth cases that the court was contemplating vexatious litigant proceedings. See No 04-3063, Doc #19 at 7:10-14. Further, the court ordered Petteruti to show cause why she should not be declared a vexatious litigant. No 05-1140, Doc #6.

Petteruti has had ample notice.

B

Second, the history of Petteruti's vexatious filings is manifest. As the discussion above details, Petteruti has filed a total of six lawsuits. The second lawsuit was proper, inasmuch as the first lawsuit suffered from a failure to exhaust administrative remedies, but the third and fourth lawsuits were largely redundant of the first, and the fifth and sixth lawsuits are utterly frivolous.

C

Next, the court turns to the third <u>DeLong</u> requirement, which is the heart of the matter: whether the evidence submitted to the court warrants a substantive finding that Petteruti's litigation activities were frivolous or harassing. In making this determination, the court must consider both the number and the content of her filings. <u>DeLong</u>, 912 F2d at 1148. The court should examine several factors in this regard: (1) Petteruti's history of litigation and in particular whether it entailed vexatious, harassing or duplicative suits or filings; (2) Petteruti's motive in pursuing the litigation, i e, whether Petteruti has an objective good faith expectation of prevailing; (3) whether Petteruti is represented by counsel; (4) whether Petteruti has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; (5) whether other sanctions would be adequate to protect the courts and other parties; and (6) whether Petteruti is likely to continue to abuse the judicial process.

1   <u>Safir v United States Lines, Inc</u>, 792 F2d 19, 24 (2d Cir 1986);
2   <u>Walker</u>, 231 BR at 350-51.

3   With respect to the first factor, Petteruti's suits are simply duplicative. As the court has repeatedly noted, it does not doubt that Petteruti has suffered some extremely upsetting medical developments and diagnoses. Her actions do not appear to be calculated to harass. But they are nonetheless duplicative and vexatious to the court and the United States Attorney.

9   Similarly, on the second factor, while the court has no indication that Petteruti's suits are brought in bad faith, she nonetheless can have no objective expectation of prevailing in a fifth, sixth or seventh lawsuit when she could not in the first or second. Bringing the same suit over and over again and expecting different results in a legal system in which prior outcomes are binding is objectively unreasonable.

16   On the third factor, Petteruti is not represented by counsel. The court does not find this factor especially helpful, though, as the court has much experience with both frivolous and nonfrivolous pro se plaintiffs and attorneys alike.

20   The fourth factor -- whether Petteruti has caused needless expense to the United States or has posed an unnecessary burden on the court and its personnel -- weighs strongly against Petteruti. The separate recordkeeping associated with six duplicative lawsuits is a substantial and wholly unnecessary burden on the United States Attorney and this court (not to mention the state courts that have been forced to accept Petteruti's filings on occasion).

28   The fifth factor is whether a lesser sanction would deter

1  Petteruti's conduct.  The court can think of none, especially in
2  view of Petteruti's failure to heed the court's warning in
3  dismissing the third and fourth suits that it would initiate
4  vexatious litigant proceedings if she refiled.  In <u>Safir</u>, the
5  Second Circuit upheld the district court's decision to enjoin the
6  plaintiff from filing further vexatious litigation, stating:

> We therefore cannot ignore the obvious fact
> that mere dismissal of this action will not
> hinder [plaintiff] from initiating further
> similar proceedings. [Plaintiff's] abuse of the
> judicial process, despite his subjective
> conviction that he has suffered an unremedied
> injury, cannot be countenanced.

11 <u>Safir</u>, 792 F2d at 25.  Such is the case here.
12         Finally, Petteruti's repeated filings convince the court
13 that she will continue to abuse the judicial process, satisfying
14 the sixth factor.  The court's sympathy for Petteruti simply cannot
15 obscure the unreasonable burden her litigation has cast on all
16 involved.
17         Accordingly, the third <u>DeLong</u> guideline is satisfied.

19                                D

20         Having determined that the first three <u>DeLong</u> guidelines
21 support an order enjoining Petteruti in some way, the court must
22 fashion an order that is narrowly tailored to remedy the particular
23 ills posed by Petteruti.  In determining the scope of the order,
24 the court is mindful that Petteruti is entitled to some guideance
25 as to what she must do to obtain the court's permission to file
26 papers or an action.  <u>Triparti</u>, 878 F2d at 354.  The court
27 considers appropriate relief to be as follows:
28 /

8

1 Christina Petteruti, and her agents, servants,
2 employees, attorneys, and persons in active concert
3 and participation with them who receive actual notice
4 of this order are hereby:

    (1) permanently enjoined from filing any additional pleadings or papers in the cases at bar, except as described in paragraphs (3), (4) and (5); and

    (2) permanently enjoined from attempting to relitigate, by commencing a lawsuit or any legal proceeding, in this court or any other, against the David Grant Medical Center, the United States, or any of its officers, agencies or instrumentalities, regarding Petteruti's hepatitis B vaccination and blood tests received at David Grant Medical Center during the 1990s or any issues arising therefrom, except as described in paragraphs (3), (4) and (5).

    (3) Should Petteruti seek to file papers or suits as described in paragraphs (1) and (2), she shall file a petition for leave to file those papers or suits with the general duty judge of this court.

    (4) Should Petteruti seek to file papers or suits as described in paragraphs (1) and (2), she must first post a bond with the court in the

amount of $5,000 to cover costs, fees and sanctions that may be levied against her.

(5) This injunction does not apply to any filings Petteruti may make with this court or the Ninth Circuit Court of Appeals in connection with any appeal in this matter.

(6) Failure to comply with the terms of this injunction shall be sufficient grounds for this court or any other court to strike the filing, dismiss the complaint with prejudice and/or impose a sanction for contempt of court, as circumstances require.

IV

Nos 05-1140 and 05-1650 are DISMISSED without prejudice. The clerk is DIRECTED to close the files and TERMINATE all motions.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge

10